UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-415 JGB (SPx)** | Date | May 20, 2021 |
|---|---|---|---|
| Title | ***Armida S. Roldan v. Target Corporation, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order (1) GRANTING Plaintiff's Third Motion for Leave to File Amended Complaint (Dkt. No. 25); (2) REMANDING to Superior Court of the County of San Bernardino; and (3) VACATING the May 24, 2021 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff's Third Motion for Leave to File a First Amended Complaint ("Motion"). The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court GRANTS Plaintiff's Motion; the case is REMANDED back to Superior Court of the County of San Bernardino. The May 24, 2021 hearing is VACATED.

## I.      BACKGROUND

On December 4, 2020, Plaintiff filed a Complaint in Superior Court of the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) Defendant Target Corporation ("Target") removed on March 8, 2021. (Dkt. No. 1.)

On March 11, 2021, Plaintiff filed her first motion for leave to amend. (Dkt. No. 9.) The Court denied that motion for failure to comply with Local Rule 7-3. (Dkt. No. 16.) On April 13, 2021, Plaintiff filed her second motion for leave to amend—twice. (Dkt. Nos. 17, 18.) She withdrew those motions the same day. (Dkt. Nos. 19, 20.)

On April 20, 2021, Plaintiff filed this Motion. Defendant opposed on May 3, 2021. ("Opposition," Dkt. No. 27.)

## II.    LEGAL STANDARD[1]

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "[t]his policy is to be applied with extreme liberality." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend is not automatic, however.  The Ninth Circuit considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).  "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment."  <u>United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. ConocoPhillips Co.</u>, 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing <u>Eminence Capital</u>, 316 F.3d at 1052; <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186–87 (9th Cir. 1987)).

Further, the Ninth Circuit "differentiate[s] between pleadings attempting to amend <u>claims</u> from those seeking to amend <u>parties</u>.  Amendments seeking to add claims are to be granted more freely than amendments adding parties."  <u>Union Pac. R. Co. v. Nevada Power Co.</u>, 950 F.2d 1429, 1432 (9th Cir. 1991) (emphasis in original).  If a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, a court may deny joinder, or permit joinder and remand the action to the appropriate state court.  28 U.S.C. § 1447.  Amendments which seek to add defendants strictly to destroy diversity may be assessed as being in bad faith.  <u>Sorosky v. Burroughs Corp.</u>, 826 F.2d 794, 805 (9th Cir. 1987).

## III.    DISCUSSION

Plaintiff's case is a slip and fall; she seeks to amend her complaint to add new Defendant Casey Hegle, who is a manager at the Target where Plaintiff sustained injuries.  Target argues Plaintiff's Motion is an improper attempt to defeat diversity jurisdiction, therefore stripping the Court's ability to hear this case.  (Motion.)  The Court finds that Target has not shown sufficient prejudice, unfair delay, bad faith, or futility of amendment to justify departure from the permissive default that parties be allowed amendment.  Leave to amend is therefore granted.

### A. Prejudice and Unfair Delay

---

[1] Plaintiff cites Federal Rules of Civil Procedure 19 and 20 for authority in her Motion. (Motion.)  Neither applies here.  Plaintiff's counsel is warned not to quote irrelevant authority; and further, not to mis-cite the Federal Rules.  <u>Compare</u> Fed. R. Civ. P. 19(a)(1)(A) ("A person . . . <u>whose joinder will not deprive the court of subject-matter jurisdiction</u> must be joined if in that person's absence, the court cannot accord complete relief . . . ") <u>with</u> Motion 2 ("Under Rule 19(a)(1)(A) of the FRCP, a party must be joined as a defendant if 'in that person's absence, the court cannot accord complete relief . . . '")

Target argues that Plaintiff has unduly delayed in requesting amendment, as "the parties have not exchanged information or conducted their Rule 26 conference as of the preparing of this Opposition." (Opposition 3.) This works against Target. Though the Motion was delayed by Plaintiff's multiple misfires, the fact that no discovery has been exchanged suggests it would not be disruptive to ongoing litigation for Plaintiff to add a diversity-destroying defendant. The Court also finds neither party would be prejudiced by litigation in state court.

## B. Bad Faith

Target also asserts that this amendment is in bad faith. It argues that at the meet and confer, "counsel for Target noted that the Motion appeared to be a bad-faith attempt to defeat diversity jurisdiction, and Plaintiff's counsel has made no attempt to rebut or deny that suggestion[.]" (Opposition 4.) Failure to rebut—in writing—an oral comment made by opposing counsel is not evidence of bad faith. And though it appears true that Plaintiff may have had access to Mr. Hegle's name before her first request to file an amended complaint, that fact alone does not prove untoward intent. Plaintiff's Complaint alleges causes of action which may legitimately be brought against managerial employees of Target with responsibility for cleaning and store maintenance. The Court finds no bad faith here.

## C. Futility of Amendment

The Court finally notes that amendment does not appear to be futile. Plaintiff's case is a slip and fall. Her Motion alleges that Casey Hegle was "in charge of sweeping floors, directing employees to spot clean, arrangement of aisle products, and supervising the floor and any incidents that occurred at the subject premises." (Motion 2.) Plaintiff is entitled to bring suit against Mr. Hegle to determine whether Mr. Hegle may be held liable for her injuries.

## D. Remand

Though Plaintiff has not requested remand, the addition of Mr. Hegle as a Defendant destroys the Court's subject matter jurisdiction, which was based on diversity. (Dkt. No. 1.) Defendant Target is a Minnesota corporation with its principal place of business in Minnesota. Id. Plaintiff is a California citizen, and Mr. Hegel is also a California citizen. (Id.; Opposition.) Accordingly, this case must be remanded to Superior Court of the County of San Bernardino.

## IV.    CONCLUSION

Plaintiff's Motion is GRANTED; the case is REMANDED back to Superior Court of the County of San Bernardino. The May 24, 2021 hearing is VACATED.


**IT IS SO ORDERED.**